**Willie Travis OWEN, Plaintiff,**

v.

**ILLINOIS BAKING CORPORATION, an Illinois corporation, Defendant.**

**Irene OWEN, Plaintiff,**

v.

**ILLINOIS BAKING CORPORATION, an Illinois corporation, Defendant.**

**Civ. A. Nos. 4618, 4619.**

United States District Court
W. D. Michigan, S. D.

Nov. 13, 1964.

Sinas, Dramis, Brake & Werbelow, Lansing, Mich., Lee C. Dramis, Lansing, Mich., of counsel, for plaintiffs.

Cholette, Perkins & Buchanan, Grand Rapids, Mich., Richard D. Ward, Grand Rapids, Mich., of counsel, for defendant.

FOX, District Judge.

This is a motion to quash service of process in this action on the grounds that defendant corporation is not amenable to service of process under the statutory law of Michigan.

M.S.A. 27A.711(3) [P.A.1961, No. 236] provides for general personal jurisdiction over a corporation carrying on "a continuous and systematic part of its general business within the state."

The only relevant question to be decided on this motion is whether the activities of defendant in the State of Michigan are "a continuous and systematic part of its general business," so as to render it amenable to service of process without violence to due process of law.

The only possible conclusion on the facts of this case, is that defendant corporation was properly served.

The elements upon which defendant relies, as stated in its brief, are the following: that the defendant corporation is not licensed to do business in the State of Michigan; that it maintains no office in the State of Michigan, that it maintains no mailing address in the State of Michigan; that the bulk of its sales are conducted through independent food brokers; that the cause of action itself did not arise in the State of Michigan; that the one sales representative of defendant corporation who solicits orders in the State of Michigan has no power to bind defendant corporation; all orders must be approved in Chicago, Illinois; and the goods are shipped f. o. b. Chicago, Illinois, which means title to the goods transfers in that place.

The facts show that the volume of business done in the past five years in Michigan by defendant has ranged from approximately $182,000 to $250,000, of

which the sole representative of defendant in the State of Michigan, Mr. Louis C. Hooth, has been responsible for from two-thirds to three-fourths by his solicitation.

Defendant has employed this representative in the State for over ten years, deducting both Social Security and withholding taxes from his remuneration. Defendant ships goods into the State for storage in Grand Rapids and Detroit, from whence orders are frequently filled. Defendant has empowered Mr. Hooth to make adjustments of complaints where the amount does not exceed twenty-five dollars.

The outcome of this motion is virtually dictated by the well-known case of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. The facts of that case are so similar to this case that their repetition is warranted.

Appellant in that case was a Delaware corporation with its principal place of business in St. Louis, Missouri. It had no offices in the State of Washington, and entered into no contracts for the sale or purchase of merchandise there. Nor did it maintain stock there or make deliveries in interstate commerce there.

Appellant's sole activity in the state consisted in having a number of resident salesmen from 1937 to 1940 who were compensated by commission based on the volume of their sales. Their authority was limited to exhibiting samples of appellant's products and soliciting orders from prospective purchasers, at prices and terms fixed by appellant. Furthermore, orders were transmitted to the home office in St. Louis for acceptance or rejection, and when accepted were shipped f. o. b. from points outside Washington to purchasers within the state. The salesman had no authority to enter into contracts or make collections.

On these facts, the Supreme Court of the United States found that:

" * * * the activities carried on in behalf of appellant in the State of Washington were neither irregular no casual. They were systematic and continuous throughout the years in question. They resulted in a large volume of interstate business, in the course of which appellant received the benefits and protection of the laws of the state, including the right to resort to the courts for the enforcement of its rights. The obligation which is here sued upon arose out of those very activities. It is evident that these operations establish sufficient contacts or ties with the state of the forum to make it reasonable and just according to our traditional conception of fair play and substantial justice to permit the state to enforce the obligations which appellant has incurred there." Id. at 320, 66 S.Ct. at 160.

Defendant asserts that it never availed itself, nor did it ever intend to avail itself, of the privilege of conducting any of its activities within Michigan, or of invoking the benefits and protection of the laws of this state. Further, it apparently attaches some significance to the fact that the cause of action did not arise out of its activities in the state.

Answering these in turn, it is apparent that defendant has carried on activity within the state, whether intending to or not. The only question then is whether or not those activities were sufficient to make it subject to service of process, and under the laws and facts of International Shoe Co. v. Washington, supra, they clearly are so.

As to the contention that no intent to avail itself of the laws of Michigan was manifested, the remarks of Chief Justice Stone in International Shoe Co. v. Washington, supra, are again pertinent:

" * * * to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state." Id. at 319, 66 S.Ct. at 160.

And finally, as to the significance of the action arising out of activities not

within the state, the holding in the case of Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485, is controlling. Under that decision, a state is not precluded from entertaining proceedings against a foreign corporation carrying on business within the state, and unlicensed to do so, even though the cause of action does not arise out of the corporation's activities within the state.

The motion to quash service and dismiss the suit is denied. An order may be presented for signature in accordance with this opinion.