Kathryn BRAASCH, Plaintiff,

v.

VAIL ASSOCIATES INC., d/b/a Vail Ski School, and Zenith Ski Company, Defendants.

No. 73 C 1852.

United States District Court, N. D. Illinois, E. D.

Dec. 27, 1973.

F. James Foley, Chicago, Ill., for plaintiff.

John F. O'Meara, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motions to dismiss and quash service of process.

This is an action seeking to redress the alleged tortious conduct of the defendants. Jurisdiction is allegedly based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The damages are alleged to exceed $10,000 exclusive of interest and costs.

The plaintiff, Kathryn Braasch, is a citizen of the State of Illinois. The defendant Vail Associates, Inc., d/b/a Vail Ski School ("Vail"), is a corporation incorporated under the laws of the State of Colorado and has its principal place of business in Colorado. The defendant Zenith Ski Company ("Zenith") is a corporation incorporated under the laws of the State of New York and has its principal place of business in that state.

The plaintiff, in her amended complaint, alleges, *inter alia*, the following facts:

1. On March 11, 1972 the defendant Vail was engaged in the skiing recreation and instruction business in Vail, Colorado. On and before March 11, 1972 the defendant Vail by and through its agents, servants and employees solicited and conducted business within the City of Chicago, Illinois and more particularly invited Kathryn Braasch and contracted with her to ski at Vail, Colorado. The defendant Vail held itself out as being able to teach people who did not ski how to ski safely through the use of its agents or servants who were held out to be expert instructors in skiing.

2. On March 11, 1972, at the invitation of the defendant Vail, Kathryn Braasch, paid a fee to be taught how to ski safely. At all times and places the plaintiff Kathryn Braasch was not guilty of any contributory negligence.

In the presence of the defendant Vail's instructor, Kathryn Braasch put on the skis and after preliminary instructions was taken by her instructor to a ski slope owned and operated by defendant Vail. After seeing the height and angle of the slope Kathryn Braasch asked the expert instructor if she was experienced or knowledgeable enough to safely ski down that slope. The instructor assured her that she was experienced and knowledgeable enough to safely ski down the slope.

3. Each ski which Kathryn Braasch wore was equipped with a device called a binding, manufactured, designed and marketed by the defendant Zenith. The purpose of the binding was to attach the boot worn by the plaintiff to the ski and in the event of a fall the bindings were designed to release the boot from the ski so that the skier's leg is not put under undue pressure so as to cause injury. The bindings must be properly adjusted to the boot to operate as they are designed. Kathryn Braasch had attached the boots she was wearing to the bindings and skis in the presence of the expert instructor.

4. After the expert instructor assured Kathryn Braasch that she was experienced and knowledgeable enough to proceed down the slope to which he had brought her, Kathryn Braasch began to descend the slope. The instructor allowed Kathryn Braasch to travel away from him. Kathryn Braasch lost control of her descent and fell. The bindings failed to release her boot from the ski. The defendant Vail by and through its agents or servants was negligent in one or more of the following ways:

a. negligently and carelessly failing to adjust the bindings attached to Kathryn Braasch's boots;

b. negligently and carelessly allowing Kathryn Braasch to put on her own bindings when the instructor knew or should have known that Kathryn Braasch did not know how to properly adjust the bindings;

c. negligently and carelessly failing to check said bindings to be certain that they were adjusted in a manner so that they would operate as designed;

d. negligently and carelessly taking Kathryn Braasch to a ski slope which Kathryn Braasch was not experienced or knowledgeable enough to ski down safely;

e. negligently and carelessly allowing Kathryn Braasch to ski down a slope which the instructor knew, or should have known, was too great a slope for Kathryn Braasch to ski down safely;

f. negligently and carelessly telling Kathryn Braasch that she was experienced and knowledgeable enough to ski safely down a slope when the instructor knew, or should have known, that Kathryn Braasch could not ski down the slope safely; and

g. negligently and carelessly allowing Kathryn Braasch to get too far away from the instructor so that the instructor was unable to aid Kathryn Braasch when she lost control of her descent, when the instructor knew, or should have known, that Kathryn Braasch might lose control of her descent and would need his aid.

5. As a proximate result of the foregoing negligence, Kathryn Braasch fractured her leg and was caused and will be caused in the future, great pain and suffering; was rendered unable to walk and had to rely on crutches, and as of the filing of this complaint is still unable to walk without limping; was forced to expend great sums of monies for doctors, pharmaceu-

tical and hospital care, and will be forced to do so in the future; was forced to lose monies from gainful employment and will lose such in the future.

6. When Kathryn Braasch attempted to ski down the slope and fell, the bindings failed to release her boot from the ski. On March 11, 1972 this binding was not reasonably safe in that its system designed to release Kathryn Braasch's boot from the ski upon her falling was defective. The defective condition or alternatively the condition which caused the defective condition existed at the time the binding left the control of the defendant Zenith Ski Company up to and including March 11, 1972. As a proximate result of the unsafe condition of the binding Kathryn Braasch fractured her leg, was caused and will be caused' in the future, the above mentioned pain and suffering, expenses and loss of income.

7. Plaintiff seeks damages against the defendants jointly and severally in the amount of $500,000.00.

The defendant Vail in support of its motion to dismiss the amended complaint and quash service of process contends that:

1. The instant action is for personal injuries which occurred and were sustained in Colorado, and the plaintiff fails to allege any actions of the defendant occurring within the State of Illinois.

2. This defendant does not maintain an office in Illinois, does not employ anyone in Illinois, and does no business in Illinois.

3. The service of summons was made upon this defendant in Colorado where the defendant Vail is incorporated and maintains its principal office.

4. This federal court in the instant action lacks *in personam* jurisdiction over a non-resident corporation performing no acts in the forum state.

The defendant Vail supports the above allegation with the affidavit of Robert Parker, the Vice-President of Marketing of Vail Associates, Inc., which states that Vail maintains no office in Illinois, employs no one in Illinois and does no business in Illinois.

The plaintiff, in opposition to the defendant Vail's motion, contends that Vail had sufficient contact with Illinois to subject it personally to the jurisdiction of this Court. In support of this contention the plaintiff has submitted numerous exhibits which allegedly demonstrate that Vail maintained a booth at the Ski Show at Arlington Park in October, 1972, that Vail mailed promotional literature into the State of Illinois, that Vail either caused or allowed its facilities to be advertised in various Chicago newspapers and that local travel agencies and air lines are obviously provided with Vail's literature.

The defendant Zenith, in support of its motion to dismiss the amended complaint and to quash service contends that this Court does not have any basis for maintaining personal jurisdiction over the Zenith Ski Company.

The defendant Zenith supports the above contentions with the affidavit of Joseph Khazzam, Vice-president of Zenith Ski Company, which states, in relevant part, that:

1. "Zenith Ski Company is not incorporated in the State of Illinois, nor is Zenith Ski Company licensed to do business in the State of Illinois."

2. "[A]t no time has Zenith Ski Company maintained an office or a place of business in the State of Illinois."

3. "[A]t no time has Zenith Ski Company ever employed any officers, agents or employees within the State of Illinois."

4. "Zenith Ski Company has never transacted business within the State of Illinois."

5. "Zenith Ski Company is not doing business within the State of Illinois."

The plaintiff has chosen not to counter, controvert, or respond to defendant Zenith's motion and affidavit. This silence is tantamount to conceding the appropriateness of defendant Zenith's motion. The plaintiff's attorney, in a letter to this Court dated December 21, 1973, stated: "Please be advised that at this time we wish to dismiss the suit against the defendant, Zenith Ski Company, relative to the above captioned matter." It is the opinion of this Court that the defendant Zenith's motion to dismiss should be granted in accordance with the wishes of both the plaintiff and defendant.

It is also the opinion of this Court that it lacks personal jurisdiction over defendant Vail.

Rule 4(e) of the Federal Rules of Civil Procedure provides that federal courts are to follow state rules regarding the assertion of *in personam* jurisdiction over non-residents to the extent such rules are consistent with due process.

The legislative intent of the Illinois long arm statute (Chapter 110, §§ 16 and 17 of the Illinois Revised Statutes) is to exert jurisdiction over nonresidents to the extent permitted under the due process clause. O'Hare International Bank v. Hampton, 437 F.2d 1173 (7th Cir. 1971); Hutter Northern Trust v. Door County Chamber of Commerce, 403 F.2d 481 (7th Cir. 1968); Nelson v. Miller, 11 Ill.2d 378, 143 N.E. 2d 673 (1957); Ziegler v. Houghton-Mifflin Co., 80 Ill.App.2d 210, 224 N.E. 2d 12 (1967). The due process implications of the extension of personal jurisdiction over non-resident defendants were settled in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S. Ct. 1228, 2 L.Ed.2d 1283 (1958). The thrust of these decisions is that sufficient "minimum contacts" must exist in the forum state so that jurisdiction over non-resident defendants is reasonable and just according to traditional concepts of fair play and substantial justice. There is no set formula or rule of thumb for determining whether there are sufficient minimum contacts short of ascertaining what is fair and reasonable in the circumstances of a particular case. Hutter Northern Trust v. Door County Chamber of Commerce, *supra*.

Thus, the relevant inquiry is whether the defendants engaged in some act or conduct by which it may be said to have invoked the benefits and protection of the law of the forum. Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961); Consolidated Laboratories Inc. v. Shandon Scientific Co., 384 F.2d 797 (7th Cir. 1967).

The defendant Vail maintains no office or place of business in Illinois; it is not qualified to do business in Illinois; it has no registered agent or person authorized to accept service in the state. The instant action involves an alleged tortious act committed in Colorado, causing injury to the plaintiff in Colorado. Plaintiff alleges in her complaint that she paid a fee to the Vail Ski School in Vail, Colorado, to be taught how to ski and that she attached her skis to her boots in the presence of the instructor. The agreement to provide skiing lessons was allegedly made and performed in Colorado and the alleged acts of negligence were committed there. These acts do not provide jurisdiction under Chapter 110, § 17, paragraphs (1)(a) or (1)(b) of the Illinois Revised Statutes. Lindley v. St. Louis-San Francisco Railway Company, 407 F.2d 639 (7th Cir. 1968).

Plaintiff contends that Vail has and is doing business in Illinois so as to satisfy the requirements of Chapter 110, § 17(1)(a) of the Illinois Revised Statutes. In support of this position the plaintiff has attached various exhibits to her memorandum. These exhibits do not sufficiently demonstrate that Vail

has done business or is doing business in Illinois according to the relevant statute.

 The plaintiff has failed to state any facts which would constitute the sufficient minimum contacts necessary to confer the fair and reasonable jurisdiction of this Court over the defendant. The unrelated actions of plaintiff in planning the trip in Illinois or subsequent to the injury receiving medical treatment in Illinois cannot satisfy the requirement of minimum contacts with Illinois because it is the acts of defendant which are relevant. Hanson v. Denckla, *supra;* Fisons Limited v. United States, 458 F.2d 1241 (7th Cir. 1972). Furthermore, if the mere payment of money, shipment of goods into, or advertisement in Illinois were sufficient to confer long arm jurisdiction it would follow that the very existence of a business relationship with an Illinois resident would automatically sustain Illinois jurisdiction. It is clear that no federal or state court would confer such a broad grant of personal jurisdiction. See Hanson v. Denckla, *supra;* Geneva Industries v. Copeland Construction Corp., 312 F.Supp. 186 (N.D.Ill.1970); Quartet Manufacturing Company v. Allied Trader Ltd., 343 F.Supp. 1302 (N.D.Ill.1972). It is offensive to the concept of due process and reasonableness to conclude that an Illinois resident can compel a foreign corporation, which has virtually no contact with Illinois, to stand trial in Illinois as a result of a personal injury occurring in another state. See United Securities Co. of America v. Hornblower, Weeks, Hemphill & Noyes (D.C.Oregon, Civil No. 72–647, June 22, 1973). This Court lacks personal jurisdiction over the defendant Vail because the defendant has never "transacted business" in Illinois within the meaning of the Illinois long arm statute and thus the defendant has not had the requisite minimum contacts with Illinois.

Accordingly, it is hereby ordered that the motions to dismiss of defendants Vail and Zenith are granted and the cause is dismissed without prejudice.