Jareta D. STORIE, Administratrix of the
Estate of Charles E. Storie,
Deceased, Plaintiff,

v.

BEECH AIRCRAFT CORPORATION, a
Delaware Corporation, et al.,
Defendants.

Civ. A. No. 76–70387.

United States District Court,
E. D. Michigan, S. D.

June 21, 1976.

Rehearing Denied Aug. 10, 1976.

Richard M. Goodman, Detroit, Mich., for plaintiff.

Richard Ward, Detroit, Mich., for Beech Aircraft.

James P. Feeney, Detroit, Mich., for Ohio Aviation Co.

Richard A. Ruppert, Rocky River, Ohio, for Ohio Fluid Power.

William P. Cooney, Southfield, Mich., for Teledyne Industries.

## OPINION AND ORDER GRANTING MOTIONS TO DISMISS OF DEFENDANTS BEECH AIRCRAFT CORPORATION, OHIO FLUID POWER, INC. AND OHIO AVIATION COMPANY

CORNELIA G. KENNEDY, District Judge.

This action arises out of an airplane crash that occurred in the State of Ohio. Plaintiff is a Michigan resident and each of the four defendants is a foreign corporation.

Three of the defendants, Beech Aircraft Corporation, The Ohio Aviation Company, and Ohio Fluid Power, Inc., have moved to dismiss on the ground that the Court lacks personal jurisdiction over them. Plaintiff has responded that she believes that there is general personal jurisdiction over defendant Ohio Fluid Power, Inc., and that there is limited personal jurisdiction over defendants Beech Aircraft Corporation and Ohio Aviation Company (and plaintiff also maintains that there would be limited personal jurisdiction over Ohio Fluid Power, Inc., even if there were no general jurisdiction).

Each of the moving defendants has filed an affidavit in support of its motion. The affidavits are made by officers of these companies and contain various averments regarding the business of each defendant. The general position expressed in each affidavit is that the defendants have nothing to do with the State of Michigan. Plaintiff does not actually dispute on these motions the factual accuracy of affidavits filed on behalf of Ohio Aviation and Beech Aircraft.[1]

In response to the motion of Ohio Fluid Power, plaintiff has submitted a copy of the deposition of Richard Reichelt, president of Ohio Fluid Power, taken in another action from which plaintiff argues that Ohio Fluid Power is subject to the general jurisdiction of courts sitting in the State of Michigan. Mr. Reichelt signed the affidavit that supports defendant Ohio Fluid Power's motion.

The relevant jurisdictional statutes are M.S.A. § 27A.711(3) and 27A.715(2). Section 27A.711 provides, in part:

The existence of any of the following relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of

---

1. At the hearing on these motions on March 26, 1976, counsel for plaintiff expressed a desire to undertake certain discovery in regard to the claims of these two defendants that they were not doing business in Michigan so as to subject themselves to jurisdiction.

The Court stated that plaintiff could have 30 days within which to undertake such discovery. The Court files do not indicate that any discovery has been undertaken, and plaintiff's counsel has not requested additional time to do so. In addition, plaintiff's response to the motions, which was filed after the hearing, argues that the motions of Beech and Ohio Aviation should be denied on the record before the Court, and contains no reference to any proposed discovery.

record of this state to exercise general personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation.

.    .    .    .    .

(3) The carrying on of a continuous and systematic part of its general business within the state.

Section 27A.715 deals with limited personal jurisdiction:

The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:

.    .    .    .    .

(2) The doing or causing any act to be done or consequences to occur, in the state resulting in an action for tort.

As noted above, plaintiff claims that defendant Ohio Fluid Power is subject to general personal jurisdiction in Michigan, under section 27A.711(3). Plaintiff relies on a certain relationship between Ohio Fluid Power and Kay Pneumatics of Alpena, Michigan. Ohio Fluid Power's business is that of acting as a manufacturer's representative. One of the companies for whose products Ohio Fluid Power solicits orders is Kay Pneumatics. However, according to the deposition of Mr. Reichelt taken in another action, the territory in which Ohio Fluid Power acts as manufacturer's representative is limited to the State of Ohio. Based on the statements of Mr. Reichelt, if the business generated on behalf of Kay Pneumatics by Ohio Fluid Power is regarded as Ohio Fluid Power carrying on business in Michigan, there is no doubt that the volume is sufficient to constitute "continuous and systematic" operation.

The case relied upon by plaintiff to support this claim of general personal jurisdiction is *Donley v. Whirlpool Corporation*, 234 F.Supp. 869 (E.D.Mich.1964). However, examination of the facts of that case indicates that it provides little, if any, support for plaintiff's position:

There is no factual dispute over the nature of Drake's activities relating to the State of Michigan. Drake owns no property in Michigan, conducts no manufacturing activities in Michigan, and has no agents or employees residing or working in Michigan. Drake does, however, utilize the services of an independent non-exclusive manufacturer's representative located in Detroit to solicit orders in Michigan.    .    .    .    Orders solicited .    .    . are transmitted to Drake in Illinois, where they are subject to acceptance or rejection. Deliveries are made by interstate carrier from stock manufactured and stored outside of Michigan

.    .    . .

234 F.Supp. at 871–72.

The Court concluded that the volume of sales to customers in Michigan ($247,000, which constituted 5.8% of Drake's business) was sufficient to give general personal jurisdiction over Drake.

The present case presents the reverse situation. Here, it is the manufacturer's representative that is being sued outside of the state in which it operates. Plaintiff has cited no cases in which such activities have been found to constitute carrying on a continuous and systematic part of its general business in Michigan, and the Court is unaware of any such cases. Examination of the line of cases that have considered whether a foreign corporation was subject to jurisdiction under section 27A.711(3) reveals that they generally present facts much like *Donley*—the foreign corporation ships its products into the state. See e. g., *Owen v. Illinois Baking Corporation*, 235 F.Supp. 257 (W.D.Mich.1964); *Raymond E. Danto Associates v. Arthur D. Little, Inc.*, 316 F.Supp. 1350 (E.D.Mich.1970).

There is one case that suggests that attempts to solicit business in the state when the business is to be carried on in other states (which is arguably what Ohio Fluid

Power did here in making its arrangements with Kay Pneumatics) would not be sufficient to give a Michigan court general personal jurisdiction. See, *Holt v. Klosters Rederi A/S*, 355 F.Supp. 354, 358 n. 5 (W.D. Mich.1973).

For the foregoing reasons, the Court concludes that Ohio Fluid Power does not carry on a continuous and systematic part of its general business within the State of Michigan.

■ Plaintiff's claim that there is jurisdiction over Beech Aircraft and Ohio Aviation (and her alternative ground for jurisdiction over Ohio Fluid Power) is that the alleged breaches of duty by the defendants constituted "the doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort." M.S.A. § 27A.715(2). If this were the case, this Court would have limited personal jurisdiction over defendants that would encompass the present claims.

Essentially the plaintiff maintains that the defendant's actions caused consequences to occur in Michigan. The consequences relied upon are those which would normally flow from the fact that decedent and his personal representative (plaintiff) were Michigan residents. In support, plaintiff has submitted an unpublished opinion of a judge of the Wayne County Circuit Court which found jurisdiction in a case similar to the instant one. This Court does not accept this conclusion and is of the opinion that the published decisions both directly and by implication reject plaintiff's position.

The leading Michigan case interpreting the statute is *Woods v. Edgewater Amusement Park*, 381 Mich. 559, 165 N.W.2d 12 (1969). That case presented facts typical of the cases that are considered in the forefront of the movement to expand the scope of personal jurisdiction. Defendant manufactured a product in Florida, and sold it to a third party in New Jersey, and after a series of transactions, the product was installed in Michigan. Plaintiff was injured by the product in Michigan. While noting that "the question of 'minimal contact' depends upon the particular facts in each case," 381 Mich. at 569, 165 N.W.2d at 17, the Court concluded that there was jurisdiction over the Florida defendant. However, in *Woods*, the place where defendant's allegedly negligent act contacted plaintiff was Michigan. Here plaintiff's decedent was killed in an Ohio airplane crash.

The case which more closely approximates the attenuated contacts claimed in the present action is *Khalaf v. Bankers and Shippers Insurance Co.*, 62 Mich.App. 678, 233 N.W.2d 696 (1975). There a defendant who was a resident of Illinois was alleged to have negligently failed to procure an effective policy of insurance covering an Illinois company that repaired the machine that injured plaintiff in Michigan. Plaintiff argued that the consequences of the insurance agent's negligence occurred in Michigan since the Michigan plaintiff had been unable to satisfy its judgment against the company that repaired the machine. The Court rejected the claim that such a contact was sufficient to confer personal jurisdiction under M.S.A. § 27A.705(2), the section applicable to individuals that is virtually identical to section 27A.715(2).

There are remarkably few cases that have considered facts such as those presented by the instant one, in which the injury that results in an action for tort occurred in a state other than the forum and the defendant had virtually no other contact with the forum state. In the one case that the Court has been able to locate, the court rejected plaintiff's claim that the defendant could be subjected to suit. *Braasch v. Vail Associates, Inc.*, 370 F.Supp. 809 (N.D.Ill. 1973).[2]

Indeed, the very fact that there are almost no cases dealing with a situation like that presented by the instant case, while there are a multitude of cases dealing with facts such as those presented by *Woods v.*

---

**2.** While it is true that *Braasch* involved a different statute, the Illinois statute had been construed to be intended "to exert jurisdiction over nonresidents to the extent permitted under the due process clause." *Braasch, supra,* at 813.

*Edgewater Park, supra,* See annotation, 24 A.L.R.3d 532, strongly suggests that the limits to jurisdiction do not reach so limited a contact as that indicated by the facts of the case at bar.

■ The Court concludes that when the Michigan statute speaks of causing consequences to occur within the state, it applies to situations in which an act or conduct of the defendant outside of Michigan leads to an event in Michigan which gives rise to a tort claim. In the context of personal injury cases, that event occurs when the injury results, and in this case that consequence occurred in Ohio at the time of the airplane crash.

For the foregoing reasons, the Court is of the opinion that M.S.A. § 27A.715(2) does not provide for personal jurisdiction over Beech Aircraft Corporation, Ohio Fluid Power, or Ohio Aviation Company, and accordingly the claims against those defendants are DISMISSED FOR LACK OF JURISDICTION.

IT IS SO ORDERED.

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR REHEARING

In an Opinion and Order dated June 21, 1976, the Court dismissed the claims against defendants Beech Aircraft Corporation, Ohio Fluid Power, Inc., and Ohio Aviation Company for lack of personal jurisdiction. Plaintiff has now filed a motion for rehearing, urging that the Court's interpretation of Michigan's "long-arm" statute, M.S.A. § 27A.711, was unduly restrictive.

■ As to defendant Ohio Fluid Power, Inc., whose only contact with the forum state is that it regularly purchases goods for resale from a Michigan manufacturer, plaintiff contends that there is no distinction between "purchase operations" and "sales operations" in the jurisdictional concept of general business within the state. It may be assumed *arguendo* that this contention is true. However, whether a foreign corporation is purchasing or selling, its operations must have sufficient contact with the forum state to justify the exercise of general personal jurisdiction. According to the affidavit of its president, Ohio Fluid Power's only contact with Michigan is that it acts as a manufacturer's representative for Kay Pneumatics Company of Alpena, Michigan; purchase orders are telephoned to Kay "every other day", but personal visits in Michigan occur only "once a year". (Deposition of Richard Reichelt, filed as Response to Motions to Dismiss, at 16). Since Ohio Fluid Power actually purchases these goods on its own account (Reichelt Deposition at 52–53), it regularly enters into contracts which are technically based on Michigan law. Nevertheless, plaintiff has cited no case holding that merely entering into contracts by mail or telephone subjects a corporation to the jurisdiction of a state in which it is not otherwise present. Whether the business operation is purchase or sale, the cases indicate that a foreign corporation must actually be present within the forum state on a regular basis, either personally or through an independent agent, in order to be subjected to general personal jurisdiction. See, e.g., *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); *Cornelison v. Chaney,* 16 Cal.3d 143, 127 Cal.Rptr. 352, 545 P.2d 264 (1976); and cases cited at 27 A.L.R.3d 397 and 12 A.L.R.2d 1439.

There is one United States Supreme Court case which has squarely held that purchases of goods by a foreign corporation for sale at its domicile and visits by its officers related to such purchases are not sufficient to establish "presence" within the state for jurisdictional purposes. *Rosenberg Bros. & Co. v. Curtis Brown Co.,* 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372 (1923). This case antedated *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and has, accordingly, been considered somewhat doubtful precedent. See *Henry R. Jahn & Son, Inc. v. Superior Court,* 49 Cal.2d 855, 323 P.2d 437 (1958). It has not, however, been overruled or limited in any way by the Supreme Court. Moreover, the same result was reached in a much more recent case based on facts very similar

to those of *Rosenberg Bros.* and the instant case. *Sol Tool Co. v. American Tool & Die Co.,* 293 A.2d 583 (Del.Super.Ct., 1972).

■ While plaintiff has cited *Cornelison v. Chaney, supra,* that case actually supports the Court's prior Opinion and Order in this case. In *Cornelison* the defendant, a trucker, had made approximately 20 trips per year into California in the course of his interstate hauling business. These trips were made over a seven-year period with an average cargo value of $20,000. Nevertheless, the California Supreme Court concluded that these activities were not "so substantial or wide-ranging as to justify general jurisdiction over him . . . ." 127 Cal.Rptr. at 355, 545 P.2d at 267. (Limited personal jurisdiction was held to be present on the facts of that case, however). In the instant case Ohio Fluid Power's activity in Michigan consisted only of phone calls into the state and one trip per year by the company's president; these are far less substantial contacts than those in *Cornelison.* It should also be noted that plaintiff has alleged no facts indicating any connection between Ohio Fluid Power's business activities in Michigan and the accident involving plaintiff's decedent in Ohio; thus, there is no basis for the exercise of limited personal jurisdiction over that defendant.

■ As to defendant Beech Aircraft Corporation, plaintiff asks to be allowed a period of time in which to establish a factual basis for general personal jurisdiction, since the Court has now rejected the claim that Beech's connection with this case establishes limited personal jurisdiction. However, as explicitly noted in footnote 1 of the Opinion and Order of June 21, 1976, the Court allowed plaintiff a 30-day period for such discovery commencing on March 26, 1976. Apparently, no discovery efforts were made at that time and no extension of time was requested. Plaintiff may not resist a motion to dismiss on one ground while deliberately retaining a second ground for use on a motion for a rehearing should the first ground fail.

Accordingly, Plaintiff's motion for a rehearing of the Court's Opinion and Order of June 21, 1976. is DENIED.