CLAVENNA v HOLSEY

1. Courts—Jurisdiction—Consequences of Injury—Limited Personal Jurisdiction—Nonresidents—Statutes.

The consequences of a plaintiff's injury, namely her medical and surgical treatment in Michigan, the suffering in Michigan and her husband's loss of consortium in Michigan are not sufficient to give a Michigan court limited personal jurisdiction over a Canadian resident in an action for damages for injuries sustained in a boating accident in Canadian waters under the statute regarding limited jurisdiction over individuals (MCLA 600.705[2]; MSA 27A.705[2]).

2. Courts—Jurisdiction—Long-Arm Jurisdiction—Non-Residents—Due Process—Minimal Contacts—Forum State—Constitutional Law.

A state's exercise of long-arm jurisdiction over a non-resident is limited by the Due Process clause of the United States Constitution; due process requires that a defendant have certain minimal contacts with the forum state before jurisdiction may be acquired (US Const, Am XIV).

3. Courts—Jurisdiction—Limited Jurisdiction—Consequences of Injury—Event in Michigan—Torts—Personal Injury Cases—Statutes.

The statute regarding limited jurisdiction over an individual that speaks of causing consequences to occur within the state applies to situations in which an act or conduct of the defendant outside of Michigan leads to an event in Michigan which gives rise to a tort claim; in the context of personal injury cases that event occurs when the injury results (MCLA 600.705[2]; MSA 27A.705[2]).

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 20 Am Jur 2d, Courts §§ 123, 143, 146.

Tort: construction and application of state statutes or rules of court predicating in personam jurisdiction over nonresidents or foreign corporations on the commission of a tort within the state. 24 ALR3d 532.

[3] 73 Am Jur 2d, Statutes §§ 356, 357.

Appeal from Macomb, Frank E. Jeannette, J. Submitted December 20, 1977, at Detroit. (Docket No. 77-1262.) Decided February 23, 1978. Leave to appeal applied for.

Complaint by Diane Clavenna and Peter Clavenna against Hewitt E. Holsey and Donald J. Purdie for damages for injuries sustained by Diane Clavenna in a boating accident. Accelerated judgment of dismissal as to defendant Holsey only. Plaintiffs appeal. Affirmed.

*Buell A. Doelle, P. C.,* for plaintiffs.

*Foster, Meadows & Ballard* (by *Robert N. Dunn),* for defendant Hewitt E. Holsey.

Before: BASHARA, P. J., and BEASLEY and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. Plaintiffs appeal from an order of accelerated judgment in favor of defendant Holsey. We affirm.

On September 7, 1974, plaintiffs, Michigan residents, were passengers on a 38-foot cruiser owned and operated by defendant Purdie, also a Michigan resident, in Canadian waters of the Detroit River between Belle Isle and Peche Island. At about 10:40 p.m., the Purdie boat collided with a 36-foot cruiser owned and operated by defendant Holsey, a citizen and resident of Ontario, Canada. When the operators of the two boats turned sharply in opposite directions in an attempt to avoid collision, plaintiff-wife grabbed the port (left) handrail of the Purdie boat, and segments of her middle, ring, and small fingers were injured to near amputation when the two boats struck each other at that same point.

Following the collision; plaintiff-wife received

emergency medical service from the Detroit Police Department on Belle Isle. She also underwent surgery at St. John Hospital in Detroit, Michigan, on September 8, 1974, returning to her home in St. Clair Shores on September 10, 1974. She was subsequently treated by her Michigan doctor and underwent two more surgical procedures in May and November, 1975, at the Grace Main Hospital in Detroit.

Plaintiffs filed a tort action in Macomb County Circuit Court against both defendants, alleging personal jurisdiction over defendant Holsey under MCLA 600.705(2); MSA 27A.705(2). Defendant Holsey was personally served in Canada and entered an appearance challenging the jurisdiction of the court, contending he was a Canadian resident and that the collision occurred in Canadian waters. Defendant Holsey's initial motion for accelerated judgment was denied since the trial court found there was a question of fact as to the location of the accident.

Defendant Holsey answered the complaint, still challenging jurisdiction, and pretrial discovery followed. In their depositions both defendants testified the accident occurred in Canadian waters; plaintiffs testified they had no independent knowledge of the accident site and on appeal concede that the accident occurred in Canadian waters. The trial judge granted defendant Holsey's renewed motion for accelerated judgment and plaintiff appeals.

The issue is whether the so-called "consequences" of plaintiff-wife's injury—medical and surgical treatment in Michigan, her suffering in Michigan and her husband's loss of consortium in Michigan—are sufficient to give a Michigan court limited personal jurisdiction over a Canadian resi-

dent based on MCLA 600.705(2); MSA 27A.705(2)? That statutory section reads:

"The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:

\* \* \*

"(2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort."

Plaintiffs argue that although the injury occurred in Canadian waters, the "consequences" of that injury occurred in Michigan and therefore the statutory requirements have been met. We disagree.

While we certainly recognize the necessity of providing a convenient forum for Michigan residents, the reach of our long-arm statute is not unlimited. The scope of a state's exercise of long-arm jurisdiction over a nonresident is limited by the Due Process clause of the Fourteenth Amendment to the United States Constitution. Due process requires that a defendant have certain minimal contacts with the forum state. *International Shoe Co v State of Washington,* 326 US 310; 66 S Ct 154; 90 L Ed 95 (1945), *Woods v Edgewater Amusement Park,* 381 Mich 559, 564–565; 165 NW2d 12 (1969), *Cole v Doe,* 77 Mich App 138, 141–142; 258 NW2d 165 (1977), *Kiefer v May,* 46 Mich App 566, 571; 208 NW2d 539 (1973).

Initially we note that the instant action is based on a tort and thus distinguishable from cases

finding jurisdiction based on MCLA 600.705(1); MSA 27A.705(1)—the "transaction of any business" in Michigan. In the business contacts setting the jurisdictional inquiry is somewhat different since a nonresident transacting business in the state usually can be said to be purposefully availing himself or herself of the privilege of conducting business in Michigan. Fundamental fairness requires one who chooses to transact business in the state to be subject to the restrictions as well as the protections of state law. When a nonresident chooses not to maintain any contacts with the forum state and jurisdiction is alleged solely on the basis of a tort which occurred outside of the state, the jurisdictional inquiry narrows.

We turn to three recent Federal court decisions analyzing the reach of Michigan's long-arm jurisdiction based on in-state "consequences" resulting from a tortious incident occurring outside of the state. *Price v Shessel,* 415 F Supp 306 (ED Mich, 1976), *Storie v Beech Aircraft Corp,* 417 F Supp 141 (ED Mich, 1976), *Amburn v Harold Forster Industries, Ltd,* 423 F Supp 1302 (ED Mich, 1976). All three opinions were authored by Judge Cornelia Kennedy and, taken together, thoroughly analyze what types of "consequences" are sufficient to confer jurisdiction on Michigan courts under MCLA 600.705(2); MSA 27A.705(2).

Factually *Price, supra,* is most analogous to the instant case. Plaintiff Price brought a negligence action against a Georgia hospital and an individual doctor who was a resident of Georgia. As in the instant case, plaintiff Price argued the "consequences" of the medical treatment in Georgia—suffering in Michigan and subsequent medical treatment in Michigan—conferred jurisdiction pursuant to MCLA 600.705(2); MSA 27A.705(2). Judge

Kennedy rejected plaintiff's argument and transferred the case to a Federal district court in Georgia.

In *Storie, supra,* plaintiff's action against four foreign corporations stemmed from an airplane crash that occurred in Ohio. The corporations moved to dismiss based on lack of personal jurisdiction. The trial court granted the motion, finding no limited personal jurisdiction based on MCLA 600.715(2); MSA 27A.715(2) (the corporation counterpart of MCLA 600.705(2); MSA 27A.705(2)). The only foundation for plaintiff's assertion of jurisdiction over defendants was the fact that the decedent and his personal representative (plaintiff) were Michigan residents and the estate was being administered in Michigan. In rejecting plaintiff's argument, the Court stated:

"The Court concludes that when the Michigan statute speaks of causing consequences to occur within the state, it applies to situations in which an act or conduct of the defendant outside of Michigan leads to an event in Michigan which gives rise to a tort claim. In the context of personal injury cases, that event occurs when the injury results, and in this case that consequence occurred in Ohio at the time of the airplane crash." *Storie, supra,* at 145.

We adopt the above concise analysis by Judge Kennedy. In the instant case the injury and consequences occurred when the boats collided in Canadian waters.

The final case, *Amburn, supra,* is factually inapplicable but highlights the weakness of a jurisdictional claim based on the close contact of *plaintiffs,* rather than the defendant, with the forum state.

"The interpretation which plaintiffs seek to place on this statute would subject anyone who has caused any resident of Michigan damage in any way or anywhere to be sued in Michigan. It would equate 'consequences' with 'damages.' Any Michigan citizen injured anywhere could sue in Michigan. It would substitute the plaintiffs' close contacts to the forum state for the due process requirements of the defendants' contacts. It would permit an injured plaintiff to forum shop—to move to Michigan, or any forum where the case law was more favorable to the plaintiffs' position, in order to bring suit there." *Amburn, supra, at 1309.*

Again we find Judge Kennedy's reasoning persuasive.

Defendant Holsey is not subject to Michigan's long-arm jurisdiction based on MCLA 600.705(2); MSA 27A.705(2) and the trial court's grant of accelerated judgment is affirmed.