Mark S. ZANDEE et al., Plaintiffs,

v.

Frank J. COLISTO, Defendant.

No. G79–10–CA 1.

United States District Court,
W. D. Michigan, S. D.

Jan. 19, 1981.

Charles J. Hiemstra, Azkoul & Hiemstra, Grand Rapids, Mich., for plaintiffs.

Phillip J. Nelson, Baxter & Hammond, Grand Rapids, Mich., for defendant.

OPINION

BENJAMIN F. GIBSON, District Judge.

This matter has come before this Court pursuant to defendant's motion to quash service of process and plaintiffs' motion to transfer this case under 28 U.S.C. § 1406(a). Plaintiffs' motion to transfer is filed and urged as an alternative to dismissing this case for want of personal jurisdiction over the defendant. The Court has reviewed the file and pleadings in this matter, and has considered the arguments of counsel presented to this Court during the January 9, 1981, hearing on the motions identified above. For the reasons which follow, the Court denies defendant's Rule 12(b)(5) motion, holds that the Court lacks personal jurisdiction over the defendant, and grants plaintiffs' motion to transfer this case to

the United States District Court for the District of North Dakota.

### Defendant's Rule 12(b)(5) Motion

■ The defendant claims that plaintiffs' action should be dismissed for insufficiency of service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. However, a careful review of the file in this case reveals that on or about January 8, 1979, the Clerk of the Court filed a certificate of service showing that on that date a deputy clerk mailed a copy of the summons and complaint filed in this action to the defendant via registered mail. Attached to the Clerk's certificate of service is a return receipt bearing that which purports to be the signature of Frank Colisto. Inasmuch as the defendant has not made any representations to this Court that he did not in fact receive the summons and complaint via registered mail, as stated in the Clerk's certificate of service, he cannot be heard to complain of insufficient notice of the pendency of the action brought against him by the plaintiffs in this Court. Accordingly, this Court holds that plaintiffs' summons and complaint are not defective for insufficiency of process, for plaintiffs have complied with Rules 4(i)(1)(D) and 4(i)(2) of the Federal Rules of Civil Procedure.

### Defendant's Rule 12(b)(2) Motion

In an affidavit filed with this Court, the defendant asserts that he is domiciled in and a resident of British Columbia, Canada, has never been a resident of or domiciled in Michigan, does not own any property here, has never been here, was not served here, and has been sued because of an accident which occurred in North Dakota. Accordingly, the defendant has challenged jurisdiction by claiming that sufficient minimal contacts with Michigan do not exist so as to confer personal jurisdiction over him here.

Plaintiffs, on the other hand, argue that the Michigan long-arm statute provides that where the *consequences* of one's conduct result in injury to a party suffered in *this* state, then jurisdiction exists and the defendant cannot be heard to complain that this Court's exercise of jurisdiction over

him would offend the traditional notions of fair play and substantial justice to which the courts have looked historically in considering questions of personal jurisdiction.

■ Plaintiffs argue that the term "consequences" must be construed by this Court in applying M.C.L.A. § 600.705(2), M.S.A. § 27A.705(2), to this case as including the actual suffering allegedly incurred by the plaintiffs as a consequence of the North Dakota accident. For example, plaintiffs would have this Court hold that since most of the medical treatment and pain suffered by them occurred in Michigan, the defendant's conduct—or more accurately, the *consequences* of his conduct—have constituted sufficient minimum contacts between the defendant and Michigan so as to require the defendant to appear in this state and litigate the parties' dispute here.

This Court cannot condone such an expansive reading of the statute. While plaintiffs are correct in urging this Court to consider this case on its own facts, plaintiffs have not persuaded this Court that the term "consequences," as employed in the Michigan long-arm statute, can be interpreted logically to include the situation before this Court. Even if it were true that the plaintiffs reside in Michigan, and their pain was suffered here, and their medical expenses were incurred here, none of these factors presents sufficient reason to force the defendant to litigate this dispute here. The essential question still remains: What has *this defendant* done to avail himself of the jurisdiction of a court sitting in Michigan, or to require a court sitting in Michigan to reach out and exert personal jurisdiction over him in a manner consistent with the notions of fair play and substantial justice governing jurisdiction issues? The Court is not convinced that the defendant, having allegedly become involved in an automobile accident in North Dakota involving Michigan residents, has sufficient minimal contacts with this state so as to confer over him the jurisdiction of this Court.

The Court has reviewed all of the cases submitted by plaintiffs in support of their position that the term "consequences" in

the Michigan long-arm statute should be read as expansively as they urge. However, this Court considers the treatment of this issue by the Michigan Court of Appeals in *Clavenna v. Holsey*, 81 Mich.App. 472, 265 N.W.2d 378 (1978), to be an accurate application of that long-arm statute given the United States Supreme Court decisions of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945), and *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). In *Clevenna*, Michigan residents sued a Canadian defendant for damages resulting from a boat collision which occurred in Canadian waters. The plaintiffs in *Clevenna* claimed that they were rushed to a Detroit hospital where they received emergency medical care. They also stated that they were admitted to another Detroit hospital for surgery and other medical care. In holding that the plaintiffs had not shown that a Michigan court would have personal jurisdiction over the defendant, the *Clevenna* court said:

> The issue is whether the so-called "consequences" of plaintiff-wife's injury—medical and surgical treatment in Michigan, her suffering in Michigan and her husband's loss of consortium in Michigan—are sufficient to give a Michigan court limited personal jurisdiction over a Canadian resident based on M.C.L.A. § 600.705(2); M.S.A. § 27A.705(2)? . . . Plaintiffs argue that although the injury occurred in Canadian waters, the "consequences" of that injury occurred in Michigan and therefore the statutory requirements have been met. We disagree.

*Clavenna v. Holsey, supra*, 265 N.W.2d at 379. Plaintiffs in this case have attempted to distinguish *Clavenna* by stating that that case "involved a conflict between a Canadian and Michigan forum. Factually, it did not involve the circumstances of this case involving a third state." Plaintiffs' Brief in Opposition to Defendant's Motion to Quash Service of Summons and Complaint, p. 8. The Court is not persuaded, however, that the *Clevenna* result would have been any different had the boating accident giving rise to that case occurred in Ohio waters

instead of Canadian waters. The issues in either case remain the same, *viz.*, why should the defendant in this case be subjected to the law and courts of the State of Michigan and what has he done to subject himself to this Court's jurisdiction? This Court believes that the defendant herein has *not* availed himself of the jurisdiction of a court sitting in Michigan, and has done nothing which would subject him to the jurisdiction of this Court under any interpretation of the Michigan long-arm statute as urged by counsel. To read the term "consequences" as expansively as plaintiffs would have this Court construe it on the record of this case surely would offend the notions of fair play and substantial justice to which reference has been made in *International Shoe* and *Shaffer*. Thus, this Court finds that it lacks personal jurisdiction over the defendant.

*Plaintiffs' Motion to Transfer*

■ Even though this Court lacks personal jurisdiction over the defendant, it must consider plaintiffs' motion to transfer pursuant to 28 U.S.C. § 1406(a). *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). In considering this motion, the Court must dispose of this case in a manner consistent with the interests of justice. *Taylor v. Love*, 415 F.2d 1118 (6th Cir. 1969); *Price v. Shessel*, 415 F.Supp. 306 (E.D.Mich.1976). *See also Trinity Metals v. Andy International, Inc.*, 424 F.Supp. 966 (E.D.Pa.1977).

■ The Court sees no prejudice in transferring this case to the North Dakota district court. Plaintiffs have urged the transfer as an alternative to dismissal of this case, and the defendant has not offered this Court a reason for not transferring the case. Although defendant argues that plaintiffs should be required to reinstitute this action in North Dakota by preparing, filing, and serving on defendant a new summons and complaint, no compelling reason is offered to this Court in support of its staying the exercise of its discretion in this matter by not transferring the case to North Dakota. Accordingly, the Clerk of

the Court is hereby ordered to close this Court's file for this case, certify it as the complete file of all pleadings and other filings stemming from plaintiffs' action, and transmit it to the United States District Court for the District of North Dakota with appropriate instructions so as to enable the clerk of that court to complete the transfer process under 28 U.S.C. § 1406(a).

IT IS SO ORDERED.