568 F.2d 55
 78-1 USTC P 9124
 UNITED STATES of America and Robert J. Pyle, Special Agent
of the Internal Revenue Service, Appellees,
v.
June MYSLAJEK, Irwin L. Pollack, and I. L. Pollack &
Associates, Inc., Appellants.
 No. 77-1471.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 2, 1977.
Decided Dec. 12, 1977.
 
 Carleton D. Powell, Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellees; M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and Aaron P. Rosenfeld, Washington, D. C. and Andrew W. Danielson, U. S. Atty., Minneapolis, Minn., on brief.
 Jerome Truhn, Minneapolis, Minn., for appellants; Thomas V. Seifert, Minneapolis, Minn., on brief.
 Before BRIGHT, ROSS, and HENLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Taxpayers Irwin L. Pollack and I. L. Pollack & Associates, Inc., and their accountant, June Myslajek, appeal from a district court[1] order enforcing summonses served upon Ms. Myslajek by the Internal Revenue Service. We affirm.
 
 
 2
 The district court found the following facts:
 
 
 3
 The respondent is an accountant in possession of certain financial records relating to the tax liabilities of the intervenors, Irwin L. Pollack (Pollack) and I. L. Pollack & Associates, Inc. (Associates).
 
 
 4
 On April 17, 1975, Mark Cohen, an IRS revenue agent, began an audit of Associates' 1973 tax return. Cohen later expanded his audit to include the tax years 1972 through 1975. He also began an audit of Pollack individually. During his audits agent Cohen had access to at least some of the financial records relating to the tax liabilities of Pollack and of Associates which were in the respondent's possession. Agent Cohen made a preliminary determination that additional taxes were due from both Pollack and from Associates and that there were certain "badges of fraud" which had become apparent. Agent Cohen concluded his audit without making any final determinations as to the amount of additional tax owed, and on July 7, 1976, he filed a fraud referral report. (440 F.Supp. at 6.)
 
 
 5
 After examining the records at Ms. Myslajek's office, Agent Cohen took a number of the documents into his possession for further review. On March 19, 1976, he returned the documents to Ms. Myslajek so that she could comply with a subpoena in a divorce proceeding in which Mr. Pollack was a party. On April 15, 1976, Agent Cohen again took possession of the records. A second subpoena in the divorce matter required him to return the documents again on June 24, 1976. On August 24, 1976, the Internal Revenue Service served two summonses on Ms. Myslajek's son ordering her to produce the documents. Her refusal to do so led to this enforcement action.
 
 
 6
 Ms. Myslajek, along with the taxpayers as intervenors in this action, raises several issues on appeal. Only two of these issues require discussion. As to the others, we find no error in the district court's opinion.
 
 
 7
 Ms. Myslajek claims that the summonses were improperly served. Section 7603 of the Internal Revenue Code requires that a summons either be served on the person to whom it is directed or be left at her "last and usual place of abode." The testimony in the enforcement proceeding established that Robert Pyle, a special agent of the IRS, served these two summonses upon Ms. Myslajek's adult son at her business office and spoke to Ms. Myslajek over the telephone. He advised her that the IRS required certain of the taxpayers' records, and she informed him that some of the records were at her office and others were in the trunk of her car. Ms. Myslajek appeared on September 8, 1976, in response to the summonses, but declined to testify or produce any documents. Instead, she presented a statement listing her objections to the summonses.[2] She did not at that time object to the defective service. The defect in service first surfaced almost three months after the delivery of the summonses when Ms. Myslajek, in her answer to the enforcement petition, moved to quash the summonses on grounds of insufficient service.
 
 
 8
 The district court rejected the motion to quash the summonses, stating that "to deny enforcement * * * would be exalting form over substance." The court deemed service at respondent's business office to be equivalent to service at Ms. Myslajek's "last and usual place of abode."
 
 
 9
 We agree with the result reached by the district court but not with its analysis. The record demonstrates that Ms. Myslajek received actual notice of the summonses on the day they were served but did not object to the defective service until almost three months later. Although she filed a statement objecting to the summonses on substantive grounds, she did not take that opportunity to raise any procedural issue. Had she voiced her objections at an earlier date, any defect in service could easily and inexpensively have been cured through a second service. Under the special circumstances of this case, we hold that Ms. Myslajek waived strict compliance with the requirements of section 7603. See United States v. Gajewski, 419 F.2d 1088 (8th Cir. 1969), cert. denied, 397 U.S. 1040, 90 S.Ct. 1361, 25 L.Ed.2d 651 (1970).
 
 
 10
 Ms. Myslajek further claims that the IRS failed to comply with the requirements of section 7605(b) of the Internal Revenue Code[3] for a second inspection of taxpayer's records. The district court rejected this argument with the following analysis:
 
 
 11
 It is undisputed that neither Pollack nor Associates was given any notice that a second inspection was necessary. The respondent claims that any further examination of the financial records would constitute a second inspection. The (government) claim(s) that the IRS investigation is a continuing one and that no second inspection notice was required. Although the matter is not free from difficulty, the court concludes that the IRS's investigation of the tax liabilities of Pollack and of Associates is a continuing one. When an investigation has not been completed, an examination of a taxpayer's books and records is not a second inspection even though the agents may have seen specific documents on a previous occasion. United States v. Giordano, 419 F.2d 564 (8th Cir. 1969). (440 F.Supp. at 7.)
 
 
 12
 The question whether these summonses signaled the beginning of a second inspection or merely a continuation of the earlier one raises an issue of fact. Both parties agree that Agent Cohen returned the records in question to Ms. Myslajek because of the divorce proceeding. Agent Cohen testified that the records were returned because
 
 
 13
 there was a divorce proceeding between Mr. Pollack and his wife, and that attorney had given June Myslajek a summons and * * * I was told on that date that the * * * records had to be back to her that afternoon * * * .
 
 Ms. Myslajek's testimony was as follows:
 
 14
 Q. And after that then Mr. Cohen received all of those documents back?
 
 
 15
 A. I think they were all of them * * * but he did get them back from me again.
 
 
 16
 Then they wanted them again for this trial, Mr. Pollack was going to finally get his divorce * * * .
 
 
 17
 Thus, the return of the records in itself does not indicate an end to the earlier inspection. Ms. Myslajek claims, however, that Agent Cohen, upon returning the documents, told her he was through with them:
 
 
 18
 Q. And did he say anything when he brought those back?
 
 
 19
 A. Yes, he said I said I would get them back to him and he said he was through with them * * * .
 
 Agent Cohen's testimony differs:
 
 20
 Q. Did there come a point upon your investigation * * * when you told Ms. Myslajek that you were done with the records?
 
 
 21
 A. That I was done with the records?
 
 
 22
 Q. That you were done with the records.
 
 
 23
 A. No.
 
 
 24
 Q. So that at no time when you returned any of the documents you told her you did not tell her you were done with them, right?
 
 
 25
 A. Right.
 
 
 26
 We construe the district judge's conclusion that the investigation was "a continuing one" to mean that he accepted the testimony of Agent Cohen over the conflicting testimony of Ms. Myslajek.
 
 
 27
 The district court is in a better position than we are to judge the credibility of witnesses, and appellants have offered us no appropriate legal basis for overturning his findings of fact. Those findings render section 7605(b) inapplicable.
 
 
 28
 Thus we affirm.
 
 
 
 [1]
 The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota. The district court opinion is published at 440 F.Supp. 5 (D.Minn.1977)
 
 
 [2]
 Her objections were as follows:
 
 
 [1]
 Evidence is being sought solely to make a criminal case against the taxpayer
 
 
 [2]
 The information sought by the summons is already within the possession of the Commissioner of Internal Revenue
 
 
 [3]
 The summons has been issued to harass the taxpayer and is an abuse of the court's process
 
 
 [3]
 I.R.C. § 7605(b) provides:
 (b) Restrictions on examination of taxpayer. No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.