#### B & F ASSOCIATES, INC.

v.

#### UNITED PENN BANK and Commissioner of Internal Revenue.

#### Civ. No. 79–914.

United States District Court,
M. D. Pennsylvania.

Jan. 31, 1980.

Peter G. Loftus, Scranton, Pa., for plaintiff.

Robert N. Opel, Wilkes Barre, Pa., James R. Hall, Tax Div., Dept. of Justice, Washington, D.C., Joseph F. Cimini, Asst. U.S. Atty., Scranton, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

The broad issue raised in this action is whether the Internal Revenue Service (Service) was subject to the notice requirements of 26 U.S.C. § 7609 when it served an administrative summons on United Penn Bank for production of copies of checks covering specified periods and signed by designated officers of B & F Associates, Inc., trading as Valley Wood Products,[1] against whom a tax assessment had been made. More precisely, the question is whether an administrative summons issued to ascertain which corporate officer is responsible for the corporation's failure to collect and pay over withheld taxes constitutes a summons "in aid of the collection" of the corporation's tax liability and is therefore exempt from the notice requirements of 26 U.S.C. § 7609. After careful consideration of the briefs filed by the parties and close examination of the pertinent legislative history, I conclude that the administrative summons fails to qualify for the "in aid of collection" exception. Accordingly, United Penn Bank will be enjoined from complying with the summons and the summons will be quashed.

B & F was formerly in the business of manufacturing and selling wood products through its factory and distribution point at Sugarloaf, Pennsylvania. Because it had failed to remit social security and income taxes that were to have been withheld from the wages of its employees, the Service made a tax assessment against B & F. The assets of the corporation proved to be insufficient to satisfy this assessment and the Service seeks to charge the responsible corporate officer under 26 U.S.C. § 6672 with the tax liability.[2] The administrative sum-

1. Hereinafter referred to as B & F.

2. Section 6672(a) of Title 26 U.S.C. provides as follows:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

mons under attack here was issued on June 27, 1979 in an attempt to ascertain which officer was responsible for collecting, accounting for, and paying over the withheld taxes.[3]

On July 17, 1979, B & F moved to enjoin United Penn Bank from complying with the summons and, if appropriate, to quash the summons. By order dated July 19, 1979, United Penn Bank was preliminarily enjoined from complying with the summons and the parties were directed to file briefs on any issues raised in this action. The briefs filed on behalf of the Service and B & F addressed one question: whether the notice requirements of 26 U.S.C. § 7609 are applicable here.[4]

Prior to the Tax Reform Act of 1976, the Service had the authority to issue a summons to any person having custody of records relating to the business of the person liable for the tax without notifying the taxpayer or other party to whose business transactions the summoned records related. S.Rep. No. 938, 94th Cong., 2d Sess. 367–68, *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 3439, 3796–97. In order to more fully protect the privacy interest of the party against whom the summons is actually directed, the Tax Reform Act requires the Service to give notice of the summons and afford the party to whom the records pertain a reasonable and speedy means to challenge the summons. *See* 26 U.S.C. § 7609(a) and (b).[5] Notice, however, need not be given where the summons is issued *"in aid of the collection of* (i) the liability of any person against whom an assessment has been made . . . , or (ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i)." 26 U.S.C. § 7609(c). (emphasis supplied)

The Service contends that 26 U.S.C. § 6672, by which the responsible corporate officer is held liable for the corporation's failure to collect and pay over withholding taxes, is a "collection device" and that a summons seeking to identify the "responsible person" is, therefore, "in aid of the collection of . . . the liability of [a] person against whom an assessment has been made . . . ." While this argument has some facial appeal, it is not supported by the legislative history. The Senate Report to the 1976 Tax Reform Act

---

**3.** The summons required United Penn Bank to provide the Service with any three checks signed by William Barnhart, president of B & F, any three checks signed by George Barnhart, vice-president of B & F, and any three checks signed by Robert Werner, secretary/treasurer of B & F, for each month from October 1, 1977 through March 31, 1978.

**4.** United Penn Bank has not filed a brief.

**5.** Subsections (a) and (b) of 26 U.S.C. § 7609 provide in pertinent part as follows:

(a) Notice.

(1) In general—If—

(A) any summons is served on any person who is a third-party recordkeeper, and

(B) the summons requires the production of any portion of records made or kept of the business transactions or affairs of any person (other than the person summoned) who is identified in the description of the records contained in the summons,

then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 14th day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain directions for staying compliance with the summons under subsection (b)(2).

(b) Right to Intervene; right to stay compliance.—

(1) Intervention.—Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.

(2) Right to stay compliance.—Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to stay compliance with the summons if, not later than the 14th day after the day such notice is given in the manner provided in subsection (a)(2)—

(A) notice in writing is given to the person summoned not to comply with the summons, and

(B) a copy of such notice not to comply with the summons is mailed by registered or certified mail to such person and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

clearly states that the notice requirement is inapplicable only where the summons is used *"solely* for purposes of collection," as, for example, where the service seeks to ascertain whether the taxpayer has an account in a bank and whether the assets in that account are sufficient to cover the tax liability which has been assessed. S.Rep. No. 938, 94th Cong., 2d Sess. 371, *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 3439, 3800–3801. The purpose for exempting such summonses from the notice requirement is that the taxpayer may utilize the 14-day grace period afforded when notice is given to withdraw the money in his account and frustrate the Service's collection activity. Thus, the Senate Report concludes that "this exception does not apply where the Service is attempting to obtain information concerning the taxpayer's account *for purposes other than collection* as, for example, where the Service is attempting to compute the taxpayer's taxable income by use of the 'net worth' method." *Id.* at 3801.

The summons challenged here was concededly issued to identify the person who may be liable for the corporation's failure to pay over taxes withheld from employee wages. This step is necessarily preliminary to attaching individual liability and eventually undertaking efforts to collect on that liability which is predicated upon 26 U.S.C. § 6672. That is, before the Service can assert a claim for individual liability under 26 U.S.C. § 6672, it must first identify the responsible officer. Therefore, the summons challenged here is properly viewed as having been issued in aid of identifying the person who may be individually liable for the corporation's tax assessment and not in actual aid of the collection of that assessment.[6]

The Service's alternative argument, "that responsible persons are fiduciaries of delinquent taxpayer corporations so that summonses issued in aid of a potential responsible person are exempted from the notice requirements by subsection (ii) of § 7609(c)(2)(B)," must also fall for the same reasoning. The summons at issue here was not used to locate assets that may be used to satisfy a tax liability. There can be no claim against a corporate officer, either individually or as a fiduciary, until he has been identified as the "responsible officer" under 26 U.S.C. § 6672.[7] Without a claim of individual liability there can be no collection efforts and, *a fortiori*, a summons issued before determination of individual liability is made cannot be "in aid of the collection" of that liability.

Furthermore, the concern underlying the notice exemption, i. e., the taxpayer may remove the assets during the grace period, is not present where, as here, individual liability has not been determined at the time the summons is issued. It should also be noted that if the Service in the instant case had believed that notice may have lead the noticees to attempt to avoid the liability, then they may have sought leave from the court to proceed without notice. *See* 26 U.S.C. § 7609(g).

Finally, the concern that the statute of limitations on a possible assessment against the responsible officer may run if notice is given is unfounded. Subsection (e) of 26 U.S.C. § 7609 suspends the running of the statute of limitations if *"the person with respect to whose liability the summons is issued"* stays enforcement of the summons

---

6. While it may be that the Service collects, in essence, the corporation's tax liability from the responsible officer, individual and not corporate assets are used to satisfy the responsible officer's liability. Thus, his responsibility must be considered separate and distinct from that of the corporation's. Indeed, it appears that the Service will make a separate assessment once it has determined who the responsible official is. It will then seek to collect on that assessment and not on the initial assessment levied on the corporation.

7. It should be noted that, consistent with the legislative history, the term "fiduciary" as used in 26 U.S.C. § 7609(c)(2)(B)(ii) refers to the person in possession of the assets from which a tax assessment or judgment is sought to be satisfied. The Service does not contend that the summons challenged here was issued to determine whether any corporate officers have custody of B & F assets from which the tax assessment may be satisfied.

and challenges its validity in an action by the Service for its enforcement.

In short, the Service has simply not advanced any reason justifying its failure to provide B & F and the officers identified in the summons with the notice required under 26 U.S.C. § 7609(a). Accordingly, the summons will be quashed and United Penn Bank will be enjoined from providing the Service with the information requested in the summons until such time as a valid summons has been issued with appropriate notice to the concerned persons.