Robert J. **KVETON**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 83–4278.

United States District Court,
D. Kansas.

June 7, 1984.

Robert J. Kveton, pro se.

Jim J. Marquez, U.S. Atty., Topeka, Kan., Glen R. Dawson, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

## ORDER

ROGERS, District Judge.

This case comes before the court upon the pro se petition of Robert J. Kveton filed pursuant to 26 U.S.C. § 7609(b), to quash an Internal Revenue Service summons and the motion of the United States, filed under 26 U.S.C. § 7609(h) to deny the petition, enforce the summons, and award attorney's fees and costs.

It appears from the petition that Mr. Kveton received notice that a summons was issued to the Merchants National Bank in Topeka, Kansas on August 26, 1983 for the production of certain records. Petitioner objects to the summons on the grounds that the investigation is being pursued in retaliation for petitioner's exercise of his First Amendment rights to speak out against the tax system.

The Government has responded to the petition with an affidavit from special agent Mark Reed of the Internal Revenue Service who swears: that the materials sought are necessary for an investigation of the tax liability of Robert J. Kveton for the 1981 and 1982 tax years; that the investigation is being conducted jointly by the Examination and Criminal Investigation Divisions of the Internal Revenue Service; that no recommendation for criminal prosecution has been made and no referral to the Justice Department as described in 26 U.S.C. § 7602(c) has been made with regard to Mr. Kveton; that Mr. Reed's investigation has revealed business transactions between the petitioner and the Merchants National Bank; and that the materials sought are not already in the possession of the Internal Revenue Service.

█ Under the new Tax Equity and Fiscal Responsibility Act of 1982, the process of challenging IRS summonses has changed. Now, to stay the enforcement of an IRS summons, the taxpayer must file a petition to quash the summons in the district court within 20 days after the IRS has given notice of the service of the summons on the third-party recordkeeper. In re-

sponse to such a petition, the Government must still demonstrate a prima facie case for enforcement. This requires a showing that (1) the investigation will be conducted for a legitimate purpose, (2) that the data sought is relevant to that purpose; (3) that the data sought is not already in the IRS's possession; and (4) that the administrative steps required by the Internal Revenue Code with respect to a summons have been followed. *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964); *United States v. MacKay,* 608 F.2d 830, 832 (10th Cir.1979); *Godwin v. United States,* 564 F.Supp. 1209, 1212 (D.Del.1983).

■ In this case, the Government has presented a prima facie case for enforcement of the summons with the affidavit of Special Agent Reed. *Godwin v. United States, supra.* The burden now shifts to the taxpayer to refute this showing. *United States v. Samuels, Kramer and Co.,* 712 F.2d 1342, 1346 (9th Cir.1983); *United States v. Hamilton Federal Savings & Loan Ass'n,* 566 F.Supp. 755, 761 (E.D.N.Y.1983). Petitioner has failed to carry this burden. Petitioner contends that he has been targeted for investigation because he has spoken against the tax system. In support of this contention plaintiff quotes a portion of a 1982 handbook for IRS agents which suggests that the prosecution of tax protester leaders or persons in flagrant non-compliance with tax laws may achieve the best deterrent effect.

■ This does not suffice to show a bad faith enforcement effort by the IRS. Petitioner has failed to show that he has been singled out for investigation while persons who are not members of a tax protest movement are ignored by the IRS. Nor has petitioner shown that he was selected for investigation to prevent him from speaking out against the tax system or associating with those who do. Finally, the exercise of selectivity in law enforcement is not in itself a constitutional violation. *Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 505, 7 L.Ed.2d 446 (1962). A selection policy which focuses upon vocal opponents to the law which the opponents are violating does not infringe upon constitutional rights. "The fact that tax protesters are vigorously prosecuted for violation of the tax laws demonstrates nothing more than a legitimate interest in punishing flagrant violators and deterring violations by others." *United States v. Johnson,* 577 F.2d 1304, 1309 (5th Cir.1978); see· also, *United States v. Tibbetts,* 646 F.2d 193 (5th Cir.1981).

■ We conclude that petitioner has failed to make a prima facie showing that the summons in question was issued in bad faith or for some constitutionally impermissible reason. The relationship between the information sought and legitimate governmental interests is relevant and substantial. Therefore, the court shall deny petitioner's first amendment arguments against the enforcement of the summons.

■ Petitioner has also requested, as an alternative to quashing the summons, that the court order an *in camera* inspection of the records described in the summons to preserve petitioner's fourth and fifth amendment rights. Petitioner, however, has failed to identify what fourth or fifth amendment interests might be violated by the enforcement of the summons. The court shall not order an *in camera* inspection without a serious claim that petitioner's rights are jeopardized by the enforcement of the summons. Petitioner has not substantiated such a claim. Indeed, respondent has demonstrated that petitioner has no fourth or fifth amendment interests against disclosure of documents which he does not possess and which have been placed in channels of commerce. See *United States v. Miller,* 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976). Accordingly, the court shall deny petitioner's request for *in camera* inspection.

In summary, petitioner has not produced any justification to quash the summons, to conduct an *in camera* inspection of the documents requested, or to conduct further discovery into this issue. Therefore, the Government's motion to dismiss the peti-

tion to quash shall be granted and the summons shall be ordered enforced. Although the court finds the petition to quash to be without merit, the court shall decline the Government's request for an award of attorney's fees because the court is not convinced that petitioner has acted vexatiously or in bad faith.

IT IS SO ORDERED.