**Lloyd N. PAINE, III, Bernd Hoffman, a.k.a. Phillip B. Paine, Petitioners,**

v.

**U.S. GOVERNMENT, Commissioner, Internal Revenue Service, Respondents.**

No. Misc. 87–0182.

United States District Court, E.D. New York.

Nov. 9, 1987.

Lloyd N. Paine and Bernd Hoffman, a.k. a. Phillip B. Paine, pro se.

Deborah S. Meland, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondents.

MEMORANDUM AND ORDER

WEXLER, District Judge.

Petitioners Lloyd N. Paine III ("Paine") and Bernd Hoffman, a.k.a. Phillip B. Paine (collectively the "taxpayers") commenced this proceeding pursuant to 26 U.S.C. § 7609(b)(2)(A) to quash two Internal Revenue Service summonses (the "Summonses") issued by the United States to third-party record keepers in possession of certain of Paine's bank records. In response, the United States has moved, pursuant to the above-referenced statute, to compel compliance with the Summonses. For the reasons set forth below, the petitioners' motion to quash is denied and the government's motion to compel compliance with the Summonses is granted.

I.

The Internal Revenue Service, through its revenue agent Michael Matlack, is currently engaged in an audit aimed at determining the proper tax liability of Paine for the years 1984 through and including 1985. In furtherance of that investigation and pursuant to the power granted by 26 U.S.C. § 7602, the IRS, by agent Matlack, issued two summonses directed at third-party record keepers. One summons was issued to Barclays Bank of Hauppauge, New York and the second summons was issued to European American Bank of Uniondale, New York. Each summons directs the banks to produce various banking records of the taxpayers including, *inter alia,* cancelled checks, deposit slips and loan records. All of the records requested are for the time period including January 1, 1983 through December 31, 1984.

Within the statutory time period for doing so, Paine filed the present petition to quash the Summonses. According to Paine, the Summonses are "overly broad, oppressive and unreasonable." Essential-

ly, the basis of Paine's argument is that the Summonses should not be enforced because they seek records for the year 1983 —the year *prior* to the years that are currently under investigation by the IRS. Accordingly, Paine seeks an order striking that part of the Summonses that seek documents generated during the year 1983.

## II.

Under the standard set forth by the Supreme Court in *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the government is entitled to enforcement of an IRS summons where it can present a prima facie case for enforcement and the taxpayer fails to show sufficient facts showing the existence of a defense to enforcement of the summons. *Id.* at 58, 85 S.Ct. at 255.

A prima facie case for enforcement is established where the government can show (1) that the summons was issued for a legitimate purpose; (2) that the inquiry may be relevant for that purpose; (3) that the information sought is not already within the government's possession; and (4) that the administrative steps required by the Internal Revenue Code for issuance and service of the summons have been followed. *Powell*, 379 U.S. at 57–58, 85 S.Ct. at 254–255; *United States v. Tiffany Fine Arts, Inc.*, 718 F.2d 7, 11 (2d Cir. 1983). Here, each element of the government's prima facie case has been established in the declaration of agent Matlack submitted by the government in connection with its motion to compel compliance.

First, the Matlack declaration states that the Summonses were issued for the purpose of determining Paine's correct income tax liability for the years 1984 and 1985. Since Section 7602 of the Internal Revenue Code authorizes the issuance of a summons for the purpose of, *inter alia*, "ascertaining the correctness of any return," 26 U.S. C. § 7602(a), the government has thus demonstrated the "proper purpose" for issuance of the summonses. *See United States v. LaSalle National Bank*, 437 U.S. 298, 318, 98 S.Ct. 2357, 2368, 57 L.Ed.2d 221 (1978) (IRS summons must be issued

"in good faith pursuit of the congressionally authorized purpose of § 7602").

That the Summonses seek data that may be relevant to the government's inquiry is also amply demonstrated by the Matlack declaration. Specifically, the government points out that its investigation thus far has revealed bank deposits by Paine during 1984 that exceed the income reported on his income tax return for that year and that Paine's standard of living appears to exceed his stated income. An examination of Paine's records for the year immediately prior to the year in question may, among other things, indicate whether the funds supporting an increased standard of living in 1984 came from accumulated assets or borrowings that have not been reflected in Paine's 1984 records. Examining Paine's 1983 records will also enable the government to compare Paine's standard of living, to determine the sources of deposits to Paine's accounts and to indicate whether expenses for which deductions were taken were, in fact, incurred in the year deducted.

Since the standard for determining the relevance of documents sought by an IRS summons requires only that the records sought "might throw light upon the correctness of the taxpayer's return", *United States v. Arthur Young & Co.*, 465 U.S. 805, 814, 104 S.Ct. 1495, 1501, 79 L.Ed.2d 826 (1980); *United States v. Noall*, 587 F.2d 123, 125 (2d Cir.1978), the Court finds that the reasons enumerated in the Matlack affidavit demonstrate clearly that the government has met its burden of proving relevance. *Accord La Mura v. United States*, 765 F.2d 974, 980 (11th Cir.1985) (records of year prior to year under consideration found relevant); *United States v. Hamilton Federal Savings and Loan Ass'n*, 566 F.Supp. 755, 759–60 (E.D.N.Y. 1983) (records generated during year prior to year under investigation "may throw light upon the correctness of [taxpayer's] return for following year").

The final requirement for establishment of the government's prima facie case, *i.e.*, that the information sought is not already within the government's possession and that the administrative steps for issuance

and service have been followed, are also stated sufficiently in the Matlack declaration. The documents already in the possession of the government are set forth in detail and that list does not include all documents sought by the Summonses. Finally, the Matlack declaration states that all procedures required by the Internal Revenue Code have been complied with and includes copies of the Summonses with the necessary completed certificates of service.

Since, in light of the foregoing, the Court finds that the government has established its prima facie case, the burden now shifts to Paine to demonstrate facts disproving one of the elements of the government's case or showing that enforcement would be an abuse of the Court's process. *Powell*, 379 U.S. at 58, 85 S.Ct. at 255.

Paine's argument is aimed at refuting the government's showing of relevance. Specifically, Paine argues that the records sought are irrelevant because they refer to the year that is just prior to the years currently under investigation. In addition, Paine argues that since the statute of limitations precludes investigation of his 1983 income tax returns the government is barred from seeking records generated during that year. Both arguments are without merit.

As noted above, the Matlack affidavit demonstrates to the Court's satisfaction that records generated in the year preceding the year under investigation might throw light upon the correctness of the returns under investigation. Although Paine argues that the "main thrust" of the government's investigation concerns the purchase of a $30,000 automobile and that he has voluntarily produced all documents related to that particular transaction, the Court is not bound to accept the taxpayer's description of the scope of an IRS investigation. Rather, the only proper inquiry is, as noted above, whether the records are sought pursuant to a legitimate purpose. The Court finds that the taxpayer has come forward with no facts sufficient to refute its earlier findings of a legitimate purpose.

Finally, that the statute of limitations may have foreclosed any inquiry into the propriety of Paine's 1983 tax returns is of little relevance to the question of whether documents from that year may be sought. As long as the government can show the relevance of the documents sought to the years currently under investigation the documents may be produced. *Foster v. United States*, 265 F.2d 183, 187 (2d Cir. 1959); *United States v. United Distillers Prods. Corp.*, 156 F.2d 872, 874 (2d Cir. 1946).

## CONCLUSION

The motion of petitioners to quash the Summonses is denied. The motion of the government to compel compliance with the Summonses is granted.

SO ORDERED.